Filed 10/28/15  P. v. Napoleon CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LORENZO LYNN NAPOLEON,<br><br>    Defendant and Appellant. | F069193<br><br>(Super. Ct. No. 1057573)<br><br>**OPINION** |

<u>THE COURT</u>*

APPEAL from an order of the Superior Court of Stanislaus County.  Marie Sovey Silveira, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Levy, Acting P.J., Kane, J. and Smith, J.

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code,[1] § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, he is resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant Lorenzo Lynn Napoleon, filed a petition for resentencing. The superior court, however, determined defendant was statutorily ineligible for resentencing and denied the petition. On appeal, defendant contends (1) his conviction for felon in possession of a firearm did not disqualify him from resentencing, as he was not armed with the firearm during the commission of the offense, (2) a conviction for felon in possession of a firearm cannot disqualify an inmate from resentencing in the absence of an underlying felony to which the firearm possession is tethered, and (3) the People failed to plead and prove defendant's felon in possession of a firearm charge at resentencing. We reject these arguments and affirm the order.

## FACTS[2]

On May 6, 2003, a Modesto police officer attempted to initiate a traffic stop on defendant for failing to yield at a red light. Defendant refused to pull his vehicle over, however, and fled until crashing his car into a tree. Defendant then attempted to escape on foot, but was apprehended shortly thereafter. Police recovered a sawed-off, 12-gauge shotgun lying on the passenger's seat of defendant's vehicle.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

[2] Facts are as taken from the Stanislaus County District Attorney's filed opposition to the petition for resentencing. These facts are not disputed by defendant.

2.

Following his arrest, defendant was convicted of felon in possession of a firearm and possession of a dangerous weapon. Defendant was sentenced as a third strike offender to a term of 25 years to life in prison.

On May 17, 2013, defendant filed a petition for recall of sentence under Proposition 36. Following a hearing on the matter, the superior court dismissed defendant's petition, finding the fact defendant was armed with a firearm during the commission of his current-offense conviction rendered him ineligible for resentencing. This appeal followed.

## DISCUSSION

### I. *Defendant was armed with a firearm during the commission of his current-conviction offense.*

Under Proposition 36, an inmate is not eligible for resentencing if the inmate's current conviction was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Among the crimes covered under those clauses are any offenses where the defendant, during the commission of the offense, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

On appeal, defendant argues his current-offense conviction for felon in possession of a firearm does not render him ineligible for resentencing, as that offense is imposed for the mere possession of a firearm, rather than for being armed with a firearm. We disagree.

In *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030, we noted that a conviction for felon in possession of a firearm would not render an inmate ineligible for resentencing unless the facts of the case establish that the defendant had the firearm

3.

available for offensive or defensive use. Here, however, the facts of defendant's conviction establish he not only possessed the shotgun, but had it placed within arm's reach on the passenger seat while he attempted to flee from the police. Accordingly, it is clear that defendant had a firearm available for offensive or defensive use during the commission of his current offense, and defendant is therefore ineligible for resentencing. Defendant's argument that he merely possessed the firearm, and was not armed with it, is without merit.

## II. A conviction for felon in possession of a firearm need not be tethered to an underlying felony to disqualify an inmate from resentencing.

Next, defendant's brief on appeal suggests that, for the purposes of disqualification under Proposition 36, there must be an additional, underlying felony to which the offense of firearm possession is tethered. As we noted in *People v. Osuna*, *supra*, 225 Cal.App.4th at page 1030, "[d]efendant would be correct if we were concerned with imposition of an arming *enhancement*" rather than the offense of felon in possession of a firearm. However, when, as here, the issue is the offense of felon in possession of a firearm, "the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id*. at p. 1032.)

Accordingly, there is no need for a separate underlying felony if the record demonstrates that the defendant was armed with a firearm during the unlawful possession of that firearm. As we have concluded that is the case here, we reject defendant's claim of error.

## III. The People were not required to plead and prove defendant's conviction.

Defendant also suggests that the People were required to plead and prove his disqualifying conviction for felon in possession of a firearm. We have explicitly held, however, that for resentencing purposes, "a disqualifying factor … need not be pled and proved in the sense of being specifically alleged in an accusatory pleading and expressly

either found by the trier of fact at trial of the current offense or admitted by the defendant." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058.)

## DISPOSITION

The order is affirmed.